IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Jenkins,<br><br>    Petitioner,<br><br>vs.<br><br>Craig Apker, et al.,<br><br>    Respondents. | No. CV 11-472-TUC-RCC (JM)<br><br>**ORDER** |

Petitioner filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc.11-1). The matter was referred to United States Magistrate Judge Jacqueline Marshall, who issued a Report and Recommendation recommending that the Court grant in part and deny in part the Petition. Plaintiff has filed a written Objection.

**BACKGROUND**

Petitioner was sentenced to a 90-month prison term and has a projected release date of November 20, 2012. (Doc. 27, p. 7). BOP evaluated Petitioner for prerelease custody and recommended a 7- to 9-month Residential Re-entry Center ("RRC") placement to afford him a reasonable time to adjust and prepare for reentering the community. (Doc. 27, p. 10). BOP based its recommendation on Petitioner's high level of education, lack of substance abuse history, and Inmate Skills Development Plan which outlined his activities

1  and progress in prison. (Doc. 27, p. 13-21). In addition, the final recommendation was
2  based on his "homelessness, lack of marketable job skills, length of sentence [and] no
3  prior history as an employee." (Doc. 27, p. 10).
4      After exhausting his administrative remedies, Petitioner filed a *pro se* Amended
5  Petition for Writ of Habeas Corpus on September 9, 2011 pursuant to 28 U.S.C. §
6  2241(c)(3). (Doc. 11-1). He alleged that he was not considered for and subsequently
7  denied a 12-month RRC placement and that BOP failed to assist him with obtaining a
8  driver's license as required by statute. (Doc. 11-1, p. 1). Respondents argued that
9  Petitioner was evaluated and recommended for a RRC placement in compliance with 18
10 U.S.C. § 3621(b), but did not address Petitioner's identification assistance allegations.
11 Magistrate Judge Marshall recommended this Court deny Petitioner's request for the writ
12 and order that Respondents assist Petitioner with obtaining a driver's license prior to his
13 release. Petitioner timely filed his Objections. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

15     Petitioner makes the following arguments in his Amended Petition: (1) BOP abused
16 its discretion in determining his RRC placement; (2) he is entitled to a limited discovery
17 period to investigate these allegations; (3) the Court should order BOP to reconsider him for
18 a 12-month RRC placement as an incentive allowed by statute; and (4) the Court should order
19 the Attorney General and BOP to create an incentive program required by statute.[1] Each issue
20 is addressed in turn.
21 **I. BOP's RRC Placement Recommendation (18 U.S.C. §§ 3624(c)(1), 3621(b))**
22     BOP's RRC recommendation was in compliance with its statutory duty. The BOP
23 Director must allow, when practical, a prisoner to spend a portion of the end of the sentence
24 in a setting that will afford the prisoner a reasonable time to prepare for community reentry.

---

[1] Petitioner does not object to the R&R's recommendation that BOP assist him with obtaining a drivers license; therefore, this Court adopts it. *See* 42 U.S.C. § 17541(b)(1).

- 2 -

18 U.S.C. § 3624(c)(1). This adjustment period cannot "exceed 12 months," § 3624(c)(1), but must be sufficient to provide prisoners with the "greatest likelihood" of successful reentry based on an individual assessment of that prisoner. § 3624(c)(6)(C); *see also Bruce v. Apker*, 2009 U.S. Dist. WL 2509170, at *5 (D.Ariz. Aug. 17, 2009) (section 3624(c) does not require a 12-month RRC placement nor prohibit a shorter one). Additionally, BOP should consider: (1) the facility's resources; (2) the nature and circumstances of the offense; (3) the prisoner's characteristics and history; (4) any sentencing court recommendation; and (5) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3621(b).

In this case, Petitioner argues that he is entitled to the maximum 12-month term in a RRC. BOP, however, is only required to provide Petitioner with a length of time that will improve his chances of successful community reentry. BOP complied with § 3621(b) by considering Petitioner's case on an individual basis, as evidenced by the Inmate Skills Development Plan, and basing its recommendation on his homelessness, lack of job skills and employment history, and prison term. Furthermore, BOP documents its consideration of the facility's resources in a response to Petitioner's Regional Administrative Remedy Appeal. For these reasons, BOP's recommendation was not an abuse of its discretion.

### A. Limited Discovery Period

Petitioner's request for a limited discovery period to investigate BOP's consideration of the factors listed in 18 U.S.C. § 3621(b) is unnecessary. The record indicates that BOP considered each factor before recommending Petitioner's RRC placement. Although he argues that BOP did not consider the facility's resources, BOP's response to Petitioner's Regional Administrative Remedy Appeal addressed them. Furthermore, § 3621(b) allows BOP to make any recommendation that "meets minimum standards of health and habitability. . ." Petitioner does not allege that the Phoenix RRC does not meet these minimum standards. Petitioner's request for a limited discovery period is denied.

**II. BOP's RRC Recommendation (42 U.S.C. § 17541(a)(1)(G))**

1     Petitioner also contends that § 17541(a)(1)(G) entitles him to the maximum 12-month placement term as an incentive award for his participation in skill development programs. *See* § 17541(a)(2)(A). He relies on *Krueger v. Martinez* in which the court ordered BOP to separately consider the petitioner's 12-month placement in a RRC facility for participating in a skills development program. 665 F.Supp.2d 477, 486 (D. Pa. 2009).

    According to § 17541(a)(2), BOP may give a prisoner a 12-month period in a community confinement facility, such as a RRC, as an incentive for participating in skills development programs. Petitioner argues that he is "entitled" to this incentive, but the statute specifically states that incentives may be given "at the discretion of the [BOP] Director. . ." § 17541(a)(2). While this Court is not bound by *Krueger*, the court acknowledged this same discretion. 665 F.Supp.2d at 485. Moreover, the court did not require BOP to provide the petitioner with a 12-month placement, but only consider him for it, in good faith. *Id.* at 486.

    Unlike *Krueger*, the Inmate Skills Development Plan indicates BOP thoroughly considered Petitioner's participation in skills development programs and declined to recommend a 12-month RRC placement as an incentive award. *See* § 17541(a)(2). BOP should, therefore, not be required to reconsider Petitioner's placement.

**A. Request to Order the Attorney General and BOP to Create Incentives**

    The record reflects that Petitioner was informed of the incentives offered for his participation in re-entry programs. His allegation that no incentives exist relies solely on BOP's decision to deny him a 12-month RRC placement for support. Although maximum RRC placement is one incentive option, BOP may use its discretion in choosing which incentives to implement. 42 U.S.C. § 17541(a)(2). Thus, Respondents do not need to provide Petitioner with a 12-month placement.

    **Accordingly,**

    **IT IS HEREBY ORDERED** that Magistrate Judge Jacqueline Marshall's Report and Recommendation (Doc. 42) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 13) is **granted in part and denied in part**. The petition is **granted** as to Petitioner's request for BOP's assistance in obtaining a driver's license. The petition is **denied** as to all other claims.

**IT IS FURTHER ORDERED** BOP shall assist Petitioner with obtaining a driver's license prior to his release. 42 U.S.C. § 17541(b)(1).

**IT IS FURTHER ORDERED** the Clerk shall enter judgment accordingly and close this case.

DATED this 6th day of August, 2012.

_____
Raner C. Collins
United States District Judge